**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEWOYNE CURTIS POTTS,<br><br>     Petitioner - Appellant,<br><br>  v.<br><br>DALINDA HARMAN, Acting Chief of the Contract Beds Unit,<br><br>     Respondent - Appellee. | No. 12-56193<br><br>D.C. No. 2:07-cv-01312-AHS-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted December 10, 2014
Pasadena, California

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

   Petitioner Dewoyne Curtis Potts appeals the district court's denial of his

application for habeas relief. Because the state court erred when it required

Petitioner to show a "strong likelihood," instead of only a "reasonable inference,"

of purposeful discrimination at the first step of its analysis under Batson v.

_____

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Kentucky, 476 U.S. 79 (1986), our review is de novo. Wade v. Terhune, 202 F.3d 1190, 1197 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's judgment and remand for an evidentiary hearing on Petitioner's claim.

At the first step of the Batson analysis, a defendant's burden to establish a prima facie case of purposeful discrimination is very low. Johnson v. California, 545 U.S. 162, 170 (2005). In this case, three factors combined to satisfy Petitioner's burden: (1) the excused juror was the only African-American juror who remained on the panel after others had been excused for cause, (2) the prosecutor misstated the juror's voir dire testimony when he sought to excuse her for cause, and (3) two other jurors who were not African-American had similar experiences but were not excused peremptorily. At Batson's first step, the state court was not entitled to speculate as to potential non-discriminatory reasons that the prosecutor may have had for excusing the juror. Paulino v. Harrison, 542 F.3d 692, 699–700 (9th Cir. 2008).

**REVERSED AND REMANDED.**

Potts v. Harman, No. 12-56193

CALLAHAN, Circuit Judge, dissenting:

I respectfully dissent.

In my view, on this record, Petitioner has not met the admittedly low threshold of demonstrating "an inference of discriminatory purpose." *Johnson v. California*, 545 U.S. 162, 168 (2005). The prosecutor's use of a peremptory strike against the only remaining African-American prospective juror does not by itself raise an inference of discrimination. *Crittenden v, Ayers*, 624 F.3d 943, 955 (9th Cir. 2010). The prosecutor's misstatement of the juror's voir dire testimony, adds little to the showing of discrimination because his brief comment was interrupted, there is clear evidence of a valid non-discriminatory reason for the recusal, and there is really no other evidence suggesting a discriminatory intent. No such evidence is provided through juror comparison because the other two jurors' experiences with interracial misidentification occurred many years before the trial, and their difficulties with properly identifying assailants resulted in no harm to themselves or their families. In contrast, here, the recused juror related that within the year of the trial, her son had been picked up and held overnight for a crime he did not commit based on the misidentification by a white woman.

Even if this were a closer case than it is, I would still defer to the district court's determination that "the totality of the relevant facts and circumstances do

not raise an inference of discrimination." *See Crittenden*, 624 F.3d at 954

("Factual findings and credibility determinations that were not made by the trial

court but were made by the district court after an evidentiary hearing are reviewed

for clear error."). There is no suggestion in this case that the district court did not

consider all proffered evidence of the existence of an "inference of discrimination."

Undoubtedly, it is the better practice for trial judges to require the prosecutor

to respond to a *Batson* challenge whenever one is made. However, the Supreme

Court has established an initial threshold – albeit a low one – and neither the

parties nor the courts are served when we reduce it to no more than a speed bump,

allowing for further proceedings which will not result in any relief to the

Petitioner.

2